UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COREY THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01364-SEB-MG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255**

Corey Thomas pled guilty to one count of unlawfully possessing a firearm as a convicted felon under 18 U.S.C. §§ 922(g) and 924(e). Pursuant to his plea agreement, Mr. Thomas is now serving the statutory minimum 15-year prison sentence.

Mr. Thomas asks the Court to vacate his guilty plea and sentence under 28 U.S.C. § 2255. For the following reasons, his motion is **denied**.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir.

2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Facts

A grand jury indicted Mr. Thomas in 2021 on one count of possessing a firearm as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). Crim. dkt.[1] 5. The indictment specifically identified four previous Indiana felony convictions, all for armed robbery. *Id.* As a result, Mr. Thomas faced a 15-year mandatory minimum under § 924(e)(1). The § 2255 motion does dispute the facts underlying Mr. Thomas's charge or the validity of his § 924(e) predicate convictions.

In March 2022, Mr. Thomas petitioned the Court to plead guilty pursuant to an agreement with the government. Crim. dkt. 31. In exchange for Mr. Thomas's plea, the government agreed that the statutory minimum of 15 years was appropriate. *Id.* ¶ 9(a). In return, Mr. Thomas agreed to waive his rights to appeal and collaterally attack his guilty plea and sentence. *Id.* ¶¶ 23–24. His waiver included the following statements:

- "The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined."

- "The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute."

- "Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255 . . . ."

---

[1] *United States v. Thomas*, No. 1:21-cr-00029-SEB-TAB.

- "As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel."

*Id.*

Mr. Thomas also stated that his attorney, Mr. Ansell, specifically informed him of his right to appeal: "My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement." *Id.* ¶ 28(j).

The Court accepted Mr. Thomas's guilty plea and issued his sentence in December 2023. Crim. dkt. 57. The Court, Mr. Thomas, and Mr. Ansell discussed Mr. Thomas's appeal rights—and his waiver of those rights—at length. Indeed, that discussion accounts for more than 3 pages of the 55-page transcript. *Id.* at 7:22–10:25.

The Court stated specifically what rights Mr. Thomas was waiving:

You've given up your right to appeal both the evidence, the sufficiency of the evidence, and if I accept the 11(c)(1)(c) agreement and impose the sentence at 180 months, you're giving up your right to appeal the sentence as well. [. . .] That right to appeal is a valuable right, and it's yours like other legal rights that you can exercise, or you can waive it in whole or in part as long as you know what you're doing, as long as you do that voluntarily and you accept the consequences of that decision.

*Id.* at 7:22–8:10.

Mr. Thomas stated that he understood his appeal rights and the waiver but expressed that he was reluctant to waive his appeal rights:

I have a full understanding what it's saying on that aspect of the plea, but that's not something—that's not a part of the plea that I personally am in agreement with, you feel me? If I have the choice, I don't want to waive that right.

*Id.* at 8:13–17. The Court then gave Mr. Thomas multiple opportunities to confer with Mr. Ansell and even clarified on the record with counsel for the government that Mr. Thomas was reserving

3

his right to challenge his guilty plea or sentence based on any subsequent change of constitutional law. *Id.* at 9:5–10:23.

The Court then addressed the appeal rights Mr. Thomas would have if he decided not to plead guilty and proceeded to trial. *Id.* at 16:20–17:23. Mr. Thomas confirmed that Mr. Ansell explained his rights and the significance of his waiver just as the Court did. *Id.* at 18:3–5. Finally, Mr. Thomas stated specifically that he wished to waive his appeal rights and plead guilty:

> THE COURT: Do you understand if you enter your plea today and I accept it, that you're giving up your right to a trial and to an appeal, we say on the merits, which means an appeal that tests the sufficiency of the government's evidence. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.

*Id.* at 18:9–14.

### III. Analysis

Mr. Thomas raises three challenges to his conviction and sentence: that the statute setting a mandatory minimum sentence is unconstitutional; that the felon-in-possession statute violates the Second Amendment, and that Mr. Ansell's advice regarding the plea waiver violated his Sixth Amendment right to effective assistance of counsel. The first two claims are barred by Mr. Thomas's collateral attack waiver, and the third fails on the merits.

### A.      Waived Claims

"A defendant may waive his right to challenge his sentence on collateral review through a plea agreement, assuming such waiver is knowing and voluntary." *Plunkett v. Sproul*, 16 F.4th 248, 253 (7th Cir. 2021). To be enforceable, a collateral attack waiver's terms must be "express and unambiguous." *Id.* (quoting *United States v. Bridgewater*, 995 F.3d 591, 595 (7th Cir. 2021)). Mr. Thomas does not specifically argue that his waiver was unknowing, involuntary, or ambiguous.

Mr. Thomas argues that § 924(e)'s mandatory minimum sentence is unconstitutional under a case he identifies as "*Mayberry v. United States of America* (4th Circuit)." Dkt. 4 at 5. He further argues that § 922(g) violates the Second Amendment under cases he identifies as "*Marion v. United States of America* (4th Circuit)" and "*Bullock v. United States of America* (Mississippi)." *Id.* at 6, 8. These claims are expressly and unambiguously waived under the text of Mr. Thomas's plea agreement, as they are constitutional challenges to his conviction and sentence based on theories other than ineffective assistance.

The government conceded at sentencing that Mr. Thomas would reserve any claim based on a "constitutional change" that would make §§ 922(g) or 924(e) "no longer applicable to" him. Crim. dkt. 57 at 10:2–18. The claims Mr. Thomas articulates in his petition do not fit into that exception, either.

Mr. Thomas has not provided citations for any of the cases cited in his petition. The Court has not located any Fourth Circuit decision by the name of *Mayberry* concerning 924(e)'s mandatory minimum. In *United States v. Mayberry*, 540 F.3d 506, 517 (6th Cir. 2008) and *United States v. Mayberry*, 704 F. App'x 509, 518 (6th Cir. 2017), the Sixth Circuit noted that treating the U.S. Sentencing Guidelines as mandatory is a significant procedural error. Neither was decided after Mr. Thomas pled guilty, and neither deems § 924(e) unconstitutional.

The Court also has not located any Fourth Circuit decision by the name of *Marion* deeming § 922(g) unconstitutional. In *Marion v. United States*, No. 4:16-CR-73-FL-1, 2024 WL 4851446 (E.D.N.C. Nov. 21, 2024), the Eastern District of North Carolina considered but *rejected* Second Amendment challenges to § 922(g). And, in *United States v. Bullock*, 679 F. Supp. 3d 501, 506 (S.D. Miss. 2023), the Southern District of Mississippi deemed § 922(g) unconstitutional under

the Second Amendment, but the Fifth Circuit quickly reversed that decision in 2024. *United States v. Bullock*, 123 F.4th 183 (5th Cir. 2024).

In sum, Mr. Thomas's constitutional challenges (aside from ineffective assistance) are waived. If they are not, he has not identified any legal support for them for the reasons noted in the previous two paragraphs.

**B.      Ineffective Assistance**

A § 2255 movant claiming ineffective assistance bears the burden of showing (1) that counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021).

A guilty plea "cannot be 'knowing and voluntary' if it resulted from ineffective assistance of counsel." *Hurlow v. United States*, 726 F.3d 958, 967 (7th Cir. 2013). A petitioner who has pled guilty can establish prejudice only by demonstrating "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). For this reason, "[t]he nature of relief secured by a successful collateral challenge to a guilty plea [is] an opportunity to withdraw the plea and proceed to trial." *Padilla v. Kentucky*, 559 U.S. 356, 372–73 (2010).

Mr. Thomas argues that Mr. Ansell "lied to [him] and gave [him] false information" by advising him that "'no' person has appeal rights if they plea[d] guilty." Dkt. 4 at 9. If Mr. Thomas's allegations are true, they do not demonstrate ineffective assistance, as they are not accompanied by any evidence of prejudice. Mr. Thomas acknowledged his appeal rights in his petition to plead guilty. The Court discussed Mr. Thomas's appeal rights at length with him during his plea hearing. Mr. Thomas made clear that he understood his appeal rights and that he wished to waive those

6

rights and plead guilty. Whether or not Mr. Thomas theoretically could have pled guilty without waiving his appeal rights, he could not have pled guilty *with the benefit of the agreement he ultimately entered* without waving his appeal rights. When clearly presented with those options on the record—plead guilty to the mandatory minimum and waive your appellate rights, or maintain your appellate rights and move forward—Mr. Thomas knowingly chose the former.

"[R]epresentations made to a court during a plea colloquy are presumed to be true." *Hurlow*, 726 F.3d at 968 (citation and internal quotation marks omitted). "Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity." *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008). Thus, statements to the Court are given a "strong presumption of verity," *United States v. Silva*, 122 F.3d 412, 415 (7th Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), because "when the judge credits the defendant's statements in open court, the game is over," *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "[A] defendant has no chance of success on appeal when the judge elects to treat freely given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *Id.* Mr. Thomas's statements on the record in this case preclude any finding of prejudice and therefore defeat any ineffective assistance claim.

Mr. Thomas also argues that Mr. Ansell "refused to argue" his "criminal history" underlying his § 924(e) sentencing enhancement. Dkt. 4 at 9. He does not, however, identify what predicate offense Mr. Ansell should have challenged or on what basis. "Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." *M.G. Skinner & Assocs.*

*Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017). Therefore, this ineffective assistance claim also fails.

### IV. Conclusion

Mr. Thomas's 28 U.S.C. § 2255 motion is **denied**. This action is **dismissed with prejudice**. The **clerk is directed** to enter **final judgment** in this case, to docket a copy of this order in the criminal case, No. 1:21-cr-00029-SEB-TAB-1, and to **terminate** the pending § 2255 motion in that case, dkt. [54].

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Thomas has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: _____ 7/28/2026 _____          _____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

COREY THOMAS
29924-509
LEE - USP
LEE U.S. PENITENTIARY Satellite Camp
Inmate Mail/Parcels
P.O. BOX 644
JONESVILLE, VA 24263

Brian L. Reitz
DOJ-USAO
brian.reitz@usdoj.gov

James Robert Wood
DOJ-USAO
bob.wood@usdoj.gov